IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| KEVIN DEESE and JOHN DOE,<br><br>    Plaintiffs,<br>                    v.<br><br>JAMES N. MATTIS, in his official capacity as Secretary of Defense; RICHARD V. SPENCER, in his official capacity as Secretary of the Navy; WALTER E. CARTER, JR., in his official capacity as Superintendent of the United States Naval Academy; ROBERT B. CHADWICK, in his official capacity as Commandant of the United States Naval Academy; HEATHER A. WILSON, in her official capacity as Secretary of the Air Force; and the UNITED STATES DEPARTMENT OF DEFENSE.<br><br>    Defendants. | Case No.: 18-cv-2669 |

## MOTION TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe, by and through counsel, respectfully moves for an order allowing him to proceed under a pseudonym in this matter and that his address be withheld. Similarly, Plaintiff Kevin Deese, by and through counsel, respectfully moves for an order allowing him to proceed in this matter with his address withheld. In support thereof, Plaintiffs Doe and Deese state as follows:

Federal Rule l0(a) requires that the Complaint shall include the names of all parties. In addition, Local Rule 102(2)(a) likewise requires that the original complaint "shall contain the names and addresses of all parties and the county of residence of any Maryland party."

Plaintiff Doe seeks a waiver of the requirement that his name and address be included in

1

the Complaint or in any pleading filed with this Court.    Plaintiff Doe claims that he was unconstitutionally and  improperly discharged from the United States Air Force ("Air Force"). He was discharged only because he is living with the human immunodeficiency virus ("HIV"), despite repeatedly being found medically fit for duty since his diagnosis.

Similarly, Plaintiff Deese seeks a waiver of the requirement that his address be included in the Complaint or in any pleading filed with this Court.  Plaintiff Deese claims that he was unconstitutionally and improperly separated from the Navy solely because of his HIV status.

As grounds for this motion,  Plaintiffs Doe and Deese refer the Court to the accompanying memorandum and proposed order, as well as to the Complaint filed contemporaneously with this motion.

Wherefore, Plaintiffs Doe and Deese respectfully request that this Motion to Proceed under Pseudonym be granted.

## MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO PROCEED UNDER PSEUDONYM

The law is well-settled that parties to litigation may proceed using a pseudonym with leave of the court. *Doe v. The New Ritz, Inc.*, No. CV RDB-14-2367, 2016 WL 454940, at *2 (D. Md. Feb. 5, 2016).

The Fourth Circuit has set forth the following nonexclusive factors for district courts to consider when weighing the need for open judicial proceedings against a litigant's concern for privacy:

> Whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or mental harm to the requesting party or even more critically, to innocent nonparties; the ages of the person whose privacy interests are sought to be protected; whether the action is against a governmental or private party: and, relatedly, the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

*Casa de Maryland, Inc. v. Trump*, No. GJH-18-845, 2018 WL 1947075, at *1 (D. Md. Apr. 25, 2018) (citing *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993).

These factors weigh in favor of granting Plaintiff Doe's request to proceed using a pseudonym in this case and both Plaintiffs' request to withhold their addresses in public filings.

1. *The litigation concerns information of a sensitive and highly personal nature.*

Plaintiffs are honorably discharged veterans, who were diagnosed with HIV. Courts have allowed plaintiffs with HIV to proceed anonymously because of the stigma, discrimination and common misunderstandings associated with HIV. *See Jones v. OSS Orthopaedic Hospital*, No. 16-cv-1258, 2016 WL 3683422, *1 (M.D.Pa. July 12, 2016) ("Indeed, courts have frequently found that the social stigma in some quarters associated with an HIV positive diagnosis is a factor which strongly weighs in favor of allowing a litigant to proceed under a pseudonym.") Plaintiffs should not be required to expose themselves to vitriol and scrutiny in

3

order to vindicate their legal right to serve their country in the Air Force or Navy.

   2. *Identification poses a risk of retribution and mental harm against Plaintiffs.*

The stigma associated with HIV status means that public association with this lawsuit could subject Plaintiffs to substantial harassment from unsupportive peers, colleagues at work, and/or from the public at large.  Accordingly, this factor weighs in favor of Plaintiffs being permitted to proceed pseudonymously (in the case of Doe) and with their addresses withheld in public filings (in the case of both Plaintiffs).

   3. *Plaintiffs' ages are not a relevant factor in this litigation.*

This factor is not relevant in this case.

   4. *The action is against governmental parties.*

Each Defendant in this action is either a governmental entity or a government official being sued in their official capacity.  Courts routinely count this factor as weighing in favor of leave to proceed under a pseudonym.  *See, e.g.*, *E.W. v. N.Y. Blood. Ctr.*, 213 F.R.D. 108, 111 (E.D.N.Y.  2003) ("[W]here a plaintiff attacks governmental activity … the plaintiff's interest in proceeding  anonymously is considered particularly strong.").  This is because the plaintiff "presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a  public interest in a vindication of his rights," while "the government is viewed as having a less  significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Id.*; *see also Doe v. United States Dep't of State*, No. 1:15-CV-01971, 2015 WL 9647660, at *3 (D.D.C. Nov. 3, 2015).  As such, because Plaintiffs are only suing governmental defendants, this factor weighs in favor of allowing them to use a pseudonym and/or withhold their addresses in public filings.

   5. *There is no risk of unfairness to the opposing party.*

Plaintiffs' identities will be known to the Defendants based on the allegations in the

Complaint.  And Doe will reveal his true name to Defendants—he merely requests to proceed under a pseudonym in public filings.   Thus, there is no basis to conclude that allowing Plaintiffs to proceed under a pseudonym and/or with their addresses shielded from public view will prejudice the Defendants in any way.  And unlike private parties, the Defendants here are not vulnerable to the reputation and economic harm associated with having a suit filed against them such that the Court would need to require full public disclosure of a plaintiff's identity in the interest of fairness.  *International Refugee Assistance Project*, 2017 WL 818255 at *3 (citing *S. Methodist Univ. Ass'n of Women Law Students v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979).

***

In short, if forced to litigate this case in his real name (in the case for Doe) or without their addresses shielded from public view (in the case for Doe and Deese), Plaintiffs would encounter almost certain harassment from peers and members of the public.   Conversely, by pursuing this case under a pseudonym and/or with their addresses withheld in public filings, Plaintiffs will be able to vindicate their rights in Court without detracting from Defendants' ability to litigate this case or from the public's ability to appreciate the issues at stake.

For the foregoing reasons, Plaintiffs respectfully request this Motion to Proceed Under Pseudonym be granted.

Dated: August 28, 2018

Peter Perkowski*
PeterP@outserve.org
OUTSERVE-SLDN, INC.
P.O. Box 65301
Washington, DC 20035-5301
(Tel.): (800) 538-7418

Scott A. Schoettes*
SSchoettes@lambdalegal.org
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
105 W. Adams Street, Suite 2600
Chicago, IL 60603
(Tel.): (312) 663-4413

Anthony Pinggera*
LAMBDA LEGAL DEFENSE AND
EDUCATION FUND, INC.
4221 Wilshire Boulevard, Suite 280
Los Angeles, CA 90010
(Tel.): (213) 382-7600

Barton F. Stichman*
Bart_Stichman@nvlsp.org
Rochelle Bobroff*
Rochelle@nvlsp.org
NATIONAL VETERANS LEGAL
SERVICES PROGRAM (NVLSP)
1600 K Street, NW, Suite 500
Washington, DC 20006
(Tel.): (202) 265-8305

*Attorneys for Plaintiffs*
*\*Pro hac vice application forthcoming*

Respectfully submitted,

*/s/ Zachary Cohen*
Zachary B. Cohen (Fed. Bar. No. 20159)
Geoffrey P. Eaton*
J.C. Masullo*
Winston & Strawn LLP
1700 K Street, NW
Washington, DC 20006
(Tel.): (202) 282-5000
(Fax): (202) 282-5100
zcohen@winston.com
geaton@winston.com
jmasullo@winston.com

Bryce A. Cooper*
WINSTON & STRAWN LLP
35 West Wacker Drive
Chicago, IL 60601
(Tel.): (312) 558-5600
bcooper@winston.com